**SO ORDERED.**

**SIGNED this 30th day of October, 2020.**



_____

Dale L. Somers

United States Chief Bankruptcy Judge

_____

**Designated for on-line, but not print publication**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:

**Austin Cole Nokes**
**Nora Kathleen Nokes,**

**Case No. 17-40288**
**Chapter 7**

**Debtors.**

**Memorandum Opinion Setting Motion by**
**Trustee to Approve Compromise and Settlement for Status**
**Conference for an Evidentiary Hearing**

The Motion by Trustee to Approve Compromise and Settlement with

David Klaassen was filed on August 20, 2020.[1] Notice was given. Creditor

Geoffrey Tammen objected.[2] A hearing was held on October 13, 2020. The

Trustee, Patricia E. Hamilton, appeared by Patricia E. Hamilton; Geoffrey

_____

[1] Doc. 340.

[2] Doc. 349.

Tammen appeared in person and by his counsel, Timothy R. Keenan; and

Debtors appeared by their counsel, David R. Klaassen. After hearing the

statements of counsel, the Court took the matter under advisement. For the

reasons set forth below, the Court concludes the motion is not ripe for

decision, and sets the motion for a status conference so an evidentiary

hearing can be set.

This case was filed on March 24, 2017, under Chapter 12 by Debtors'

attorney, David R. Klaassen. It was voluntarily converted to Chapter 7 on

March 19, 2018. The present Chapter 7 Trustee is the successor to Robert

Baer, who served as Chapter 7 Trustee in this case until his retirement.

The motion to approve settlement alleges as follows. Mr. Baer

discovered that Debtor Austin Nokes had made a sale of three firearms to his

father and failed to disclose the sale on his schedules. Mr. Baer "listed [the

sale] as a fraudulent transfer (the "Transfer") with an unknown value."[3] The

present Chapter 7 Trustee presented the issue of a possible fraudulent

transfer against Debtor Austin Nokes' father to Mr. Klaassen, Debtors'

counsel. Mr. Klaassen "agreed to take full responsibility for not listing the

Transfer and has offered to settle the Trustee's avoidance claim by reducing

his administrative expense from the Chapter 12 case award by the value of

---

[3] Doc. 340, 1.

Case 17-40288   Doc# 357   Filed 10/30/20   Page 2 of 7

the Transfer, $4000."[4] The Trustee seeks approval of this compromise under Rule 9019,[5] asserting that it is "in this best interest of the Estate, . . . [because] it would avoid extensive litigation that would . . . be costly and substantially delay administration of the case and payment to creditors."[6]

Creditor Tammen objects to the settlement. He asserts that the proposal "is not specific as to the number or description of the firearms and a more complete description of the proposed Agreement and disclosure is required."[7] However, Mr. Tammen's objection identifies the firearms as a Remmingtin AR-10, a Colt 1911 pistol, and a Smith & Wesson AR-15.

At the hearing, the Court was advised that, at the request of Mr. Tammen, Mr. Baer conducted a 2004 examination of Debtor Austin Nokes, which was attended by Mr. Tammen and his counsel.[8] The Trustee advised the Court that during that examination, Mr. Nokes described the firearms transferred as those identified by Mr. Tammen in his objection, testified that the consideration paid was $4000, and acknowledged that he had access to

---

[4] *Id.*

[5] Fed. R. Bankr. P. 9019. References to the rules of bankruptcy procedure in the text are to the Rule number only.

[6] *Id.*, 2.

[7] Doc. 349.

[8] The transcript of the examination was not provided to the Court.

the firearms after the sale to his father.[9] These are the circumstances giving

rise to a possible claim under 11 U.S.C. § 548 against Mr. Nokes' father.

During the hearing, Mr. Tammen's counsel questioned whether the

amount of the settlement is reasonable, but offered no evidence of the value of

the firearms or any other matter. The Chapter 7 Trustee responded that

$4000 is the amount Debtor was paid for the firearms, and in her experience

as a trustee, it is a reasonable value. It is undisputed that no attempt has

been made to value the firearms. The Court was not advised whether Mr.

Nokes' father has been advised of the possible claim against him.

Compromise and settlement is addressed by Rule 9019. It provides that

"[o]n motion by the trustee and after notice and a hearing, the court may

approve a compromise or settlement." Although compromise and settlement is

favored, the bankruptcy court may not simply "rubber-stamp" a trustee's

proposal.[10] Rather, the court must be informed of the facts necessary to

---

[9] Mr. Tammen's counsel confirmed that during the 2004 examination, he did not inquire further about the firearm sale and generally confined his questioning to Mr. Nokes' farming operation. Mr. Tammen's objection to the Trustee's motion to approve compromise addresses the status of Debtors' hay, in addition to compromise of the possible fraudulent transfer claim. Because the only matter before the Court is whether to approve the proposed compromise concerning the sale of firearms, the Court will not address the allegations concerning the hay.

[10] *In re Sabey*, No. 2:16-cv-822-DN, 2019 WL 1405336 at \*2 (Bankr. D. Utah, Mar. 28, 2019) (citing *In re Am. Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987)).

evaluate the proposal and make an informed and independent judgment.[11]

Although the rule is silent as to the applicable factors, case law has

established that the court should consider "the probable success of the

underlying litigation on the merits, the possible difficulty in collection of a

judgment, the complexity and expense of the litigation, and the interests of

creditors in deference to their reasonable views."[12] "[T]he burden of

persuading the Court that the settlement should be approved rests with the

proponents of the settlement."[13] Creditors' objections should be considered,

but are not controlling.[14]

In *Kopexa Realty Venture Co.* the Tenth Circuit Bankruptcy Appellate

Panel reversed approval of a settlement by the bankruptcy court where the

hearing on the motion was comprised solely of statements of the trustee and

counsel for the objecting creditors.[15] No evidence was heard. No findings of

fact were made. Rather, the compromise was approved "based upon the

---

[11] *Id.*

[12] *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir BAP 1997).

[13] *In re Matco Elecs. Group, Inc.*, 287 B.R. 68, 76 (Bankr. N.D.N.Y 2002).

[14] *In re Davidson*, 492 B.R. 877, 880 (Bankr. S.D. Ind. 2009) (citing *In re Am. Reserve Corp.*, 841 F.2d at 162).

[15] 213 B.R. at 1024.

business judgment" of the trustee and her statements on the record.[16] After

stating the foregoing standard for approval of compromises, the panel went

on to observe that when an objection to a motion to compromise is filed, the

matter becomes a contested matter within the meaning of Rule 9014. That

Rule incorporates and makes applicable Rule 7052, which itself incorporates

Federal Rule of Civil Procedure 52, which then required that in "'all actions

tried upon the facts without a jury . . ., the court shall find the facts specially

and state separately its conclusions of law.'"[17] Because approval was based

upon the business judgment of the trustee, not findings of fact, the BAP

reversed the approval of the settlement.

The reversal in *Kopexa Realty Venture Co.* is similar to that in *Reiss v.

Hagmann*, where the Tenth Circuit Court of Appeals reversed the approval of

a compromise of a fraudulent transfer claim to set aside a transfer of real

property to a trust, finding "no indication in the record that the trustee or the

courts did any legal research or made any attempt to properly separate the

issues and evaluate the facts."[18] It agreed with a Fifth Circuit case stating

---

[16] *Id.* at 1023.

[17] *Id.* (quoting Federal Rule of Civil Procedure 52).

[18] *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

Case 17-40288    Doc# 357    Filed 10/30/20    Page 6 of 7

that "'[a]n approval of a compromise, absent a sufficient factual foundation, inherently constitutes an abuse of discretion.'"[19]

This Court finds that the foregoing authorities require the Court to hold an evidentiary hearing for the Trustee to attempt to satisfy her burden of proof on the motion. Mr. Tammen's filing of an objection converted the motion to a contested matter, but the Trustee has not provided the Court with any evidence from which findings of fact can be made and an independent judgment formed. This Court is being asked to approve the settlement based upon the business judgment of the Trustee, but *Kopexa Realty Venture Co.* and *Reiss v. Hagmann* stand for the proposition that this is insufficient.

Assuming that the Trustee wishes to proceed with the settlement, an evidentiary hearing must be held to address Mr. Tammen's objection and the standard for approval of a settlement under Rule 9019. The Court sets this matter for a status conference on November 10, 2020, at 10:45 a.m., at which time a date will be set for an evidentiary hearing on the Trustee's motion.

**It is so Ordered.**

### ###

---

[19] *Id.* (quoting *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 299 (5th Cir. 1984)).